IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| Nathanial Goodrich, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: _____ |
| ) | |
| Union Pacific Railroad Company, ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | **CLERK TO ISSUE SUMMONS** |
| SERVE: Registered Agent ) | |
| The Corporation Company ) | |
| 120 South Central Avenue ) | |
| Clayton, MO 63105 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT- FMLA

COMES NOW plaintiff, Nathanial Goodrich, by and through his attorneys, Groves Powers, LLC, and for his cause of action against the defendant, Union Pacific Railroad Company, states:

1. That the defendant, Union Pacific Railroad Company is now, and was at all times hereinafter mentioned, a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce in the states of Missouri, Illinois and other states of the Union.  That the Union Pacific Railroad Company operates its railroad throughout the territory comprising the United States District Court for the Eastern District of Missouri.   Its principal place of business in this District is in St. Louis, Missouri.

1

2. That at all times hereinafter mentioned, plaintiff, Nathanial Goodrich, was employed by defendant, Union Pacific Railroad Company, as a conductor in interstate commerce and was a resident and citizen of Birch Tree, Missouri within the territory comprising the United States District Court for the Eastern District of Missouri.

3. That at all times hereinafter mentioned, the Plaintiff was employed by defendant Union Pacific Railroad Company. That this claim is brought pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. 2601, et seq. That defendant has its principal place of business in St. Louis, Missouri so that venue is proper in this Court under this Court's local rules and that this Court has jurisdiction pursuant to 28 U.S.C. 1331, Federal Question Jurisdiction.

4. During each of 20 or more calendar work weeks during the current or preceding year Defendant had more than 50 employees for each working day.

5. That plaintiff was employed by Defendant for 12 months before he attempted to use FMLA and in that period performed service for Defendant for over 1,250 hours.

6. During the 12 months prior to December, 2016 plaintiff did not take any leave from work under FMLA.

7. That on December 6, 2016 plaintiff notified Defendant in writing that he wanted to take FMLA bonding leave for the upcoming birth of his child. The anticipated date of birth was December 28, 2016.

8. That the actual date of birth of Plaintiff's child was December 21, 2016.

2

9. That on December 21, 2016 Plaintiff notified Defendant of the birth of his son and requested leave until January 14, 2016.

10. That on January 19, 2017, two days after he received the birth notice from Poplar Bluff Regional Medical Center where Plaintiff's child was born, he faxed the birth notice to Defendant.

11. That plaintiff complied with all of the requirements to qualify for the requested FMLA leave.

12. That plaintiff believed that he had taken all steps necessary to get FMLA bonding leave for the birth of his child.

13. That from December 21, 2016 to January 14, 2017 Plaintiff took off of work for the birth of his son.  He believed that he was under FMLA leave and Defendant did not tell him otherwise at that time.

14. That on March 8, 2017 Defendant notified plaintiff that in fact his FMLA leave was not granted and that the time he was off for the birth of his son would be classified as an unexcused absence.

15. That Plaintiff appealed the denial of his FMLA leave and made multiple requests that Defendant reverse its decision to deny him FMLA leave but Defendant consistently refused to grant him FMLA leave for the birth of his son.

16. That Defendant notified plaintiff that since he was denied FMLA leave the time he took off to bond with his child put him out of compliance with Defendant's "attendance" policy and put a "Attendance advisory letter" on plaintiff's record for 3

3

years.

17. The attendance advisory letter put on Plaintiff's record injured and injures Plaintiff in the following ways: This is the first step in dismissing Plaintiff under the attendance policy; it stays on his record for three years; prevents him from laying off non-compensated days such as sick or family sick leave without it being used against him in conjunction due to the denial of FMLA leave for the birth of his son; could be used in conjunction with other discipline to discharge plaintiff.

18. That Defendant interfered with Plaintiff's exercise of FMLA rights and discriminated against Plaintiff for exercising his FMLA rights. That Defendant's violation of the FMLA by denying the bonding leave caused or directly contributed to cause injury and damage to Plaintiff.

19. That Defendant harassed and discriminated against Plaintiff for pursuing his FMLA rights and this has caused or directly contributed to cause injury and damage to Plaintiff.

WHEREFORE, plaintiff, Nathanial Goodrich, prays for Judgment against the Defendant, Union Pacific Railroad Company, for a sum fair and reasonable under the circumstances, for any lost wages, earnings loss or loss of earnings capacity or fringe benefits loss, interest, actual monetary losses, an amount equal to 12 weeks of salary, liquidated damages, all available equitable relief including having his record corrected to reflect that he properly took FMLA bonding leave, to remove any discipline/adverse action/remarks on his record taken as a result of his taking FMLA bonding leave from his

4

record, to be restored to an equivalent position with regard to the terms and conditions of his employment, to order Defendant to take no adverse action against him related to the taking of the FMLA bonding leave or bringing this claim, for attorney's fees and expense incurred in in prosecuting this action, for injunctive relief related to.

          GROVES POWERS, LLC

          */s/Steven L. Groves*
          Steven L. Groves, 40837MO
          505 North 7th St., Ste. 2010
          St. Louis, MO 63101
          (314) 696-2300
          (314) 696-2304 (f)
          Email: sgroves@grovespowers.com

          Attorneys for Plaintiff